UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>STEPHANIE MARYLOU BAEZ,<br><br>Defendant. | Criminal No. 21-cr-507 (PLF) |

DEFENDANT'S MOTION TO DISMISS COUNTS 2 OR 3
ON MULTIPLICITY GROUNDS

COMES NOW, Stephanie Marylou Baez ("Baez"), by and through counsel, with this Motion to dismiss Counts two or three of her indictment, on grounds of multiplicity. In the alternative, Baez moves for the Court to combine counts two and three into a single count, as one is simply a lesser-included offense of the other.

I. INTRODUCTION

Count 2 alleges that Baez "knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engaged in disorderly and disruptive conduct in, and within such proximity to the United States Capitol, a restricted building, when, and so that, such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions" in violation of 18 U.S.C. § 1752(a)(2)).

Count 3 is essentially a repeat of Count 2 but invokes a different statute. It alleges that on January 6, Baez "did willfully and knowingly engage in disorderly and disruptive conduct at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress . . . ." in violation of 40 U.S.C. § 5104(e)(2)(D)).

Plainly, Count 2 and Count 3 allege the precise same conduct by Baez, with no significant distinctions. The two statutes have different origins; with one pertaining to crimes at the Capitol and one pertaining more broadly defined "disorderly conduct" which disrupts "Government business." But with the exception of the differing origins of the statutes, the two charges are essentially one.

(If there is any difference at all, it is only that Count 2 alleges that Baez's conduct "did in fact" "impede and disrupt the orderly conduct of Government business and official functions" whereas Count 3 appears to have no allegation of Baez having "in fact" impeded or disrupted Congress. Even if so, this means that Count 3 is simply a lesser-included-offense of Count 2 rather than a separate and distinct crime.

Since Count 2 charges the same conduct as Count 3, convictions for both these counts would violate the Double Jeopardy Clause of the U.S. Constitution. Moreover, the unnecessary multiplication of counts will prejudice a judge or jury against Baez.

Multiplicity arises when "an indictment charges the same offense in more than one count." *United States v. Mahdi*, 598 F.3d 883, 887 (D.C. Cir. 2010) (quoting *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999)). The Double Jeopardy Clause of the Constitution protects against "multiple punishments for the same offense." *Weathers*, 186 F.3d at 951, *cert. denied*, 529 U.S. 1005 (2000); U.S. Const. amend. V, cl. 2. Also, courts have recognized that charging the same offense in multiple counts can "unfairly increas[e] a defendant's exposure to criminal sanctions" because a jury may conclude that given the number of charges, the defendant must be guilty of something. *United States v. Clarke*, 24 F.3d 257, 261 (D.C. Cir. 1994) (emphasis

added) (quoting *United States v. Harris*, 959 F.2d 246, 250 (D.C. Cir. 1992), *abrogated on other grounds*, *United States v. Stewart*, 246 F.3d 728 (D.C. Cir. 2001)); *see also United States v. Morrow*, 102 F. Supp. 3d 232, 246 (D.D.C. 2015) (multiplicitous charges may suggest to a jury "that a defendant has committed not one but several crimes") (quoting *United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981)); *United States v. Phillips*, 962 F. Supp. 200, 202 (D.D.C. 1997).

If Baez is convicted of Count 2, she will obviously be guilty of Count 3. In the words of the Supreme Court, the inquiry turns on whether proof of one of "necessarily includes proof of" the other. *Ball v. United States*, 470 U.S. 856, 862 (1985).

The counts of Baez's indictment expose her to double jeopardy for the same alleged act. The Double Jeopardy Clause protects criminal defendants against both successive punishments and prosecutions for the same criminal offense. *United States v. Dixon*, 509 U.S. 688, 696 (1993) (citing *North Carolina v. Pearce*, 395 U.S. 711 (1969)); see also *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008); *United States v Mancuso*, 718 F.3d 780, 791 (9th Cir. 2013). When two different criminal statutes are violated, "the double jeopardy prohibition is implicated when both statutes prohibit the same offense or when one offense is a lesser included offense of the other." *Rutledge v. United States*, 517 U.S. 292, 297 (1996)).

## II. COULD THE GOVERNMENT PROSECUTE THESE COUNTS IN SUBSEQUENT TRIALS IF THE COUNTS WERE SEPARATED?

Another way to analyze this is to ask if the government could later charge Baez with "disorderly conduct" which impedes official government business if she were first acquitted at a trial for "disorderly conduct" with the intent to impede Congress.

Any court would obviously bar such a prosecution as double jeopardy.

### III.   CONCLUSION

Accordingly, Baez moves to dismiss either count 2 or count 3, or—in the alternative—to require that one is merely the lesser-included-offense of the other. Baez cannot constitutionally be punished for two separate crimes in this manner.

Dated: September 2, 2022

Respectfully submitted,

/s/ John M. Pierce
John M. Pierce
John Pierce Law, P.C.
21550 Oxnard Street
3d Floor, PMB 172
Woodland Hills, CA 91367
Tel: (213) 279-7846
jpierce@johnpiercelaw.com

*Attorneys for Defendant*
*Stephanie Marylou Baez*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 2, 2022, this motion and the accompany declaration was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

/s/ John M. Pierce
John M. Pierce