UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
|  | ) |
| v. | ) Criminal No. 21-0507 (PLF) |
|  | ) |
| STEPHANIE MARYLOU BAEZ, | ) |
|  | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT'S UNCONSTITUTIONAL "RAINDROP THEORY" OF COLLECTIVE GUILT**

COMES NOW, Stephanie Marylou Baez ("Baez"), by and through counsel, with this Motion in limine to preclude evidence and discussion of the government's "raindrop theory" of collective liability.  Such a concept is anathema to constitutional due process of law, and wholly alien from the Federal Rules of Evidence and valid criminal law.

Under the Constitution, a defendant may be punished <u>only for crimes she herself committed</u>; and not for crimes by a "mob" or for merely being a witness to acts of other people.

Defendant Baez hereby files this motion in limine to preclude evidence, discussion, or argument of the government's "raindrop theory" that a Jan. 6 defendant can be guilty of federal crimes such as "disorderly conduct" or "picketing and parading" for merely standing or walking inside the Capitol.  This theory has no support in Supreme Court or Circuit Court case law[1] and is wholly alien to due process of law.

> The criminal law in the United States requires that to prove a person guilty of a crime, prosecutors must prove the individual guilt of that particular Defendant.

---

[1] Sadly, it seems a couple of district courts in January 6 cases have recently adopted the government's theory in order to convict Jan. 6ers of crimes they merely witnessed, or for mere presence near or in the Capitol on January 6.

> Guilt of a crime is not transferable from one person to another. You may not consider evidence that someone else committed a crime to impute or transfer guilt to another Defendant.
>
> Of course if you believe that evidence from whatever source that was allowed into the court record does in fact prove a Defendant's guilt beyond a reasonable doubt I am not intending to restrict your determination. My instruction is that there is no automatic guilt of one person simply because another person is guilty.
>
> A well-known exception might be a criminal conspiracy. If a Defendant is accused of participating in a criminal conspiracy prosecutors would have to explicitly charge them with that. You cannot merely assume that a conspiracy could exist if the prosecutors did not allege one. And prosecutors would also have to prove the requirements of that individual person's individual choice to join that conspiracy and to participate in it. Similar considerations apply to incitement or aiding and abetting. Those approaches are possible but they must be explicitly alleged and there are specific rules and requirements that would have to be satisfied.
>
> In general, the criminal law in the United States does not provide for collectivist or group criminal liability. We do not convict crowds or mobs or groups. Being near a crowd or mob or group or even joining a mob or a crowd is not a crime in itself, unless as stated above the prosecution proves a conscious conspiracy.
>
> It is possible for everyone in a crowd to individually be guilty. But that guilt must be proven individually with respect to each of them in particular. You may not merely assume people are guilty because other people are guilty.
>
> Being in the vicinity of a crime committed by someone else is not a crime. A Defendant cannot be found guilty merely as a result of seeing someone else committing a crime. A Defendant cannot be found guilty merely as a result of being near someone else committing a crime. Watching someone commit a crime is not a crime. There is no duty to leave an area only because of seeing a crime being committed, although obviously there could be other things happening such as if police ordered an area to be cleared. One could stand across the street from a bank robbery and film it on a smart phone. However, police might decide that the area is not safe and ask people to back up. But watching a crime is not a crime.

Crowds do not do things. Individuals do things. Crowds do not.

**Florida's Anti-Riot Act was Immediately Struck Down**

Florida's controversial anti-riot law—framed identically to conceptual notions of collective guilt propounded by federal prosecutors in Jan. 6 cases—was quickly struck down by the first courts to address it.

In the wake of the George Floyd riots of 2020, Florida Governor Ron Desantis and the Florida legislature enacted HB 1, an "anti-riot" statute structured almost identically to match

arguments of the United States in Jan. 6 cases. "Civil rights groups including the ACLU of Florida, the Dream Defenders and the Black Collective" immediately sued, alleging HB 1, the law called "Combating Public Disorder," specifically targets Black people, infringes on Floridians' First Amendment rights and "deters and punishes peaceful protests." See [What to know about Florida's anti-riot law and the corresponding legal challenge - ABC News (go.com)](#)

The Florida "Combating Public Disorder" Act featured <u>all the collective guilt liability notions that are now part of the government's "raindrop theory"</u> in January 6 cases. See "Florida Adopts Nation's Toughest Restrictions On Protests," NPR, April 19, 2021 [https://www.npr.org/2021/04/19/988791175/florida-adopts-nations-toughest-restrictions-on-protests](#)  ("Florida's governor has signed a law that he called the "strongest anti-rioting, pro-law enforcement measure in the country." "It creates a new crime, "mob intimidation." And it requires that anyone arrested at a protest be denied bail until their first court appearance, likely making for overnight jail stays.").

Almost immediately, U.S. District Judge Walker struck down the new law, pronouncing it fundamentally unconstitutional.

> This is where things fall apart. Although both Governor DeSantis and Sheriff Williams argue that the phrase "willfully participate" is commonly understood, neither party offers an actual definition. Is it enough to stand passively near violence? What if you continue protesting when violence erupts? What if that protest merely involves standing with a sign while others fight around you? Does it depend on whether your sign expresses a message that is pro- or anti-law enforcement? What about filming the violence? What if you are in the process of leaving the disturbance and give a rioter a bottle of water to wash tear gas from their eyes?
>
> The Governor would have this Court pencil in an exception for a person who merely "attend[s]" a violent demonstration but does not actively engage in violence or conduct that poses an imminent risk of injury or property damage. ECF No. 99 at 13. But the Governor offers no explanation or construction that limits when mere attendance becomes participation, except that a person must "intend to commit violence." Id. But this ignores the plain text of the statute, which separates a person from an assembly of three or more persons sharing that intent. See *infra*.

*See, The Dream Defenders, et al., v. Ron DeSantis, 21-cv-191, ECF No. 137 (N.D. Fla. Sept. 9, 2021), (Mark E. Walker, Chief United States District Judge),* Page 53 *(injunction against anti-riot*

*law in part because the legislation appeared to criminalize the defendant's protest activities even if he did not participate in the violent acts of others).*

The State of Florida has appealed the District Court order. And interestingly, the <u>Biden Justice Department has joined **the plaintiffs**</u> as amicus curiae, arguing that there is a high probability that Desantis' anti-riot law is, in fact, unconstitutional. See Dream Defenders v. DeSantis, No. 21-13489 (11th Cir. Feb. 3, 2023) Brief for the United States as Amicus Curiae p. 7-8 (saying "In defendants' [State of Florida's] view, the statute is properly limited to those who engage in or aid or abet violence because its two intent elements work together and both apply to the criminally accused. In plaintiffs' [Dream Defenders, ACLU, etc.] view, the Legislature's decision to add new phrasing to the common-law definition of "riot" indicates that [the new act] reaches more persons than its predecessor statute and sweeps in the constitutionally protected activity of nonviolent demonstrators who are part of an assembly that turns violent.").

The Biden Justice Department has suggested that, although the Florida "Combatting Civil Disorder Act" should first undergo review in the Florida Supreme Court, the Act would likely fail such constitutional review and would also likely fail ultimate review before *federal* appellate courts. In any case, the U.S. Justice Department argues, the Act's individual-liability-for-a-mob's-behavior notions <u>should continue to be enjoined</u>.

The case is still on pending before the 11th Circuit.

It appears that, in the context of January 6 cases, Biden Justice Department prosecutors (and sadly, a handful of U.S. district judges presiding in January 6 cases) have changed their position and all prior assessments of individual rights during social disorders. Here, and only here, the government is arguing that any person or citizen who dares to participate in a First-Amendment protest or demonstration is acting as an illegal "raindrop" and can therefore by convicted of crimes based upon the "flood" of others who commit crimes during a riot.

## CONCLUSION

For all the above-stated reasons, this Court should issue an order in limine:

1) Prohibiting and precluding the government from telling or arguing to the jury that a person can be criminally liable for the crimes of a mob, for merely standing or peacefully assembling or walking in a location.

2) Prohibiting and precluding the government from telling or arguing to the jury that a person can be convicted of the crimes alleged in this case by merely witnessing acts of others, or standing or walking in a given place.

Prohibiting and precluding the government from arguing that an individual who is merely present can be convicted as a "raindrop" amid a rainstorm of others who cause violence.

Date: August 4, 2023                                Respectfully Submitted,

                                                                    */s/ John M. Pierce*
                                                 John M. Pierce
                                               21550 Oxnard Street
                                             3rd Floor, PMB #172
                                             Woodland Hills, CA 91367
                                             Tel: (213) 400-0725
                                             Email:jpierce@johnpiercelaw.com
                                             Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that, on August 4, 2023, this motion was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

*/s/ John M. Pierce*
John M. Pierce