**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:21-CR-507 (PLF)** |
| | : | |
| **STEPHANIE BAEZ,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S**
**MOTION IN LIMINE TO PRECLUDE UNSEEN EVIDENCE**

Evidence beyond the defendant's gaze on January 6 is both relevant and admissible.  The

defendant's motion *in limine* to preclude so-called unseen evidence should be denied.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it

would be without the evidence; and the fact is of consequence in determining the action."  Fed. R.

Evid. 401.  "The general rule is that relevant evidence is admissible," *United States v. Foster*, 986

F.2d 541, 545 (D.C. Cir. 1993), a "liberal" standard, *United States v. Moore*, No. 18-cr-198, 2022

WL 715238, at *2 (D.D.C. Mar. 10, 2022).  "Relevant evidence is admissible unless any of the

following provides otherwise: the United States Constitution; a federal statute; these rules; or other

rules prescribed by the Supreme Court," while "Irrelevant evidence is not admissible."  Fed. R.

Evid. 402.  Additionally, Rule 403 does not require the government "to sanitize its case, to deflate

its witnesses' testimony or to tell its story in a monotone."  *United States v. Gartmon,* 146 F.3d

1015, 1021 (D.C. Cir. 1998).  Rules 401, 402, and 403 do not support the defendant's requested

relief.

In her "Motion in Limine to Preclude Unseen Signage, Fencing, Announcements, or other

Barriers," the defendant seeks to preclude "any evidence, discussion, or argument regarding signs,

fencing, dispersal announcements, barricades or other barriers unless the offering party first lays a

foundation that defendant actually was in a place to witness such features." ECF 52 at 1. Her argument misconstrues what the government has to prove and the nature of her particular crimes as a collective action.

*First*, the defendant conflates two separate elements of a violation of 18 U.S.C. § 1752(a)(1) and (a)(2). In Count One, the government must show:

1) The defendant entered or remained in a restricted building or grounds without lawful authority to do so; and

2) The defendant did so knowingly.

In count two the government must show:

1) The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;

2) The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions; and

3) The defendant's conduct occurred when, or so that, her conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Each offense requires the government to prove both the *objective existence* of a restricted building or grounds, and separately that the defendant's actions occurred within that building or grounds *knowingly*.

By law, "the term 'restricted buildings or grounds' means any posted, cordoned off, or otherwise restricted area—of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B). The government must prove—independently—that the defendant entered or remained in an area that was posted, cordoned off, or otherwise restricted.

Next, the government must show that the defendant committed her acts knowingly. It is within this knowingly element the defendant seems to agree that the government must be allowed

to present evidence of 'signs, fencing, dispersal announcements, barricades, or other barriers' to show the defendant's knowledge.  An apt example can be found in *United States v MacAndrew*, where Judge Colleen Kollar-Kotelly found:

> [The defendant's] knowledge, like a snowball rolling down a ski slope, accumulated that day. Her suspicions undoubtedly started when . . . she passed "Area Closed" signs affixed to strewn fencing. If she did not know at that time her presence on Capitol grounds was unlawful, her awareness must have been stronger when she clambered over dismantled bike racks and snow fencing even closer to the Capitol building with their own "Area Closed" signs. If, after seeing *those* signs, she did not know her presence was unlawful after *those* signs, then surely she knew she was unlawfully present when she encountered a line of armored Metropolitan Police Department ("MPD") officers marching past Capitol Police officers guarding the Capitol building behind bike racks affixed, again, with "Area Closed" signs.
>
> Assuming, for the sake of argument, that she *still* did not know she was not permitted on Capitol grounds or in the Capitol building, she must have known when she arrived to the Upper West Terrace and met four individuals she testified she knew to have been pepper sprayed. Or, to enter the realm of the fabulist, perhaps it was only when she entered the Capitol through a broken door, an emergency siren blaring. These signs, and other detailed below, undoubtedly endowed [the defendant] with the knowledge that her presence and protest in the Capitol was unlawful. Nevertheless, she remained.

No. 21-cr-730-CKK, January 17, 2023, 2023 WL 196132 at *1-2.

Much like in *MacAndrew*, the government will provide the factfinder with a series of impediments that the defendant experienced *personally*.  But the requirement that the government prove the defendant acted *knowingly* does not negate the government's obligations to prove the restricted area *objectively*.  In light of the elements of the charged offenses, evidence of the restricted perimeter—including barriers, fencing, and signage—is relevant, probative, and admissible regardless of whether it was within the defendant's eyesight.

*Second*, to prove Count Two, the government must prove that the defendant engaged in "disorderly or disruptive conduct" in a restricted area "when . . . such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions."   18 U.S.C. § 1752(a)(2).  The defendant joined a mob of rioters and breached the Capitol building twice.  The defendant's and the rioting mob's collective action is what disrupted Congress, and Baez's actions in joining a mob of others bears on her *mens rea* for each of the charged offenses.  *See United States v. Grider*, 21-CR-00022 (CKK) Dkt. 150 at 25 (Dec. 21, 2022) ("Membership in a mass of rioters is particularly likely to disrupt Congressional business.  Even a peaceful crowd standing on the Floor of Congress is likely to shut down Congressional proceedings.").  As such, it will be relevant for the government to present evidence bearing on the mob's actions in breaching the Capitol, including around barriers, fences, and signs around the Capitol.

The probative value of such evidence is even higher in a case such as this, when the defendant participated in disorderly and disruptive acts at a number of different locations within the Capitol Building itself.  In any event, while the government does not anticipate focusing its evidentiary presentation on areas of the Capitol Baez did not go, in order to show the overall riot, its effects, the context of Baez's actions, and why the orderly conduct of a session of Congress was disrupted, the government will need to present evidence to show the actions of other rioters in various other areas of the Capitol building and grounds, including evidence around other barriers, fencing, and signage.  None of the rioters were authorized to enter the restricted perimeter or the Capitol, and their actions around barriers and signs are relevant to the disorderly nature of the mob Baez joined.

**Conclusion**

To be sure, the government intends to present evidence surrounding the defendant on January 6—including evidence she herself recorded—that makes it clear she knowingly was somewhere she legally should not be.  But that is not the standard for admissibility.  Rather, the defendant's argument focused on what the defendant personally observed is better suited toward an argument about the weight of certain evidence, not its admissibility.

For the reasons described above, the United States respectfully requests that this Court deny the defendant's motion *in limine* seeking to preclude unseen evidence of barriers and related signage (ECF 52).


Respectfully submitted,

DATED: August 18, 2023

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: _____
Troy A. Edwards, Jr.
N.Y Bar No. 5453741
Assistant United States Attorney
601 D St., NW
Washington, D.C. 20001
troy.edwards@usdoj.gov
(202) 252-7081

VICTORIA A. SHEETS
Assistant United States Attorney
New York Bar No. 5548623
victoria.sheets@usdoj.gov