UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *Plaintiff,*<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>STEPHANIE MARYLOU BAEZ,<br><br>*Defendant*. | Case No. 21-0507 (PLF) |

**DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING U.S. SUPREME COURT DECISION IN *UNITED STATES V. FISCHER*, 64 F.4TH 329 (D.C. CIR. 2023).**

     Defendant Stephanie Marylou Baez ("Baez") hereby move this Court for an order staying further proceedings in this action pending the resolution of the United States Supreme Court of *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023). On December 13, 2023, the United States Supreme Court granted *certiorari* in *Fisher*, a case that is anticipated to provide guidance on legal issues that have been presented in this case, and which are fundamental to the Defendant's sentencing.  Therefore, a stay of action will serve the orderly administration of justice. The Defendant will suffer substantial hardship if she is required to serve prison time in this case when the Supreme Court is currently reviewing the very issues faced by Baez, in *Fischer.* Indeed, the time and resources that will be expended in addressing defendant's direct appeal, and underlying merits of the case undoubtedly will impose a heavy burden on the defendant and the Court. In contrast, the State will not be harmed by a relatively brief stay while the Supreme Court considers *Fischer.*

**Background.**

Baez was arrested with four misdemeanor offenses on August 3, 2023. The government filed a superseding indictment charging Ms. Baez with the same four misdemeanor offenses and one felony offense: obstruction of an official proceeding in violation of 18 U.S.C. Section 1512(c)(2). The applicability of Section 1512(c)(2) is directly material and relevant to Baez's facts, as Baez did not participate in the obstruction of an official proceeding on the day in question. Baez was merely an observer. She never used physical force among any officer of law, nor damaged any property within the capitol.

Moreover, the 1512 conviction prevails and dominates all sentencing exposure in this case. Baez faces a maximum penalty of one year in jail *without the 1512 conviction*; but a maximum of twenty years in prison with the 1512 conviction.

### The *Fischer* appeal.

The Supreme Court recently granted certiorari in *United States v. Fischer*, a companion set of three consolidated January 6 cases involving the applicability of 18 U.S.C. Section 1512(c)(2)—the identical statute faced by Baez—to the events of January 6. The Court will resolve whether § 1512(c)(2) covers "acts unrelated to investigations and evidence." While the scope and scale of the Supreme Court's review in *Fischer* is potentially wide-ranging, the Supreme Court will almost certainly lay down rules regarding whether the statute applies to the volatile protests and demonstrations of January 6, 2021.

In short, <u>the Supreme Court's ruling in *Fischer* will almost certainly impact Baez's case</u>; and if the Supreme Court invalidates the applicability of Section 1512 to Jan. 6, Baez's conviction will be overturned. And if Baez is imprisoned while awaiting this ruling, an injustice of profound importance will occur.

I. **STANDARD FOR ISSUING A STAY**

It is well established that a district court has discretionary power to stay proceedings before it. *Landis v. North America Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") The part seeking a stay of judicial proceedings bears the burden of "mak[ing] out a clear case of

hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255.

II. **LEGAL ISSUES THAT DEFENDANT PLANS TO ARGUE FURTHER WHICH ARE SIMILAR TO THOSE BEING RESOLVED IN *FISCHER***

   A. **LEGISLATIVE INTENT BEHIND 18 U.S.C. §1512(C)(2)**

The Congressional Record makes clear to us that 18 U.S.C. 1512 is not applicable in this case, as well as other January 6th cases.

Title 18 had been amended in 2008, to protect "judges, prosecutors, witnesses, victims, and their family members." 18 U.S.C. §1512.

The most recent legislative proceedings on the code increased the maximum penalties for "killing or attempting to kill a witness, victim or informant to obstruct justice." 18 U.S.C. §1512.

Section 1512, as amended, "should be read in conjunction with the new Section 1519, which criminalizes certain acts intended to impede, obstruct or influence 'any matter'." *Tampering with a record or otherwise impeding an official proceeding.*, WGL-SOACT ¶ 1102. Several senators have remarked that the overlap between section 1512 and 1519 are plentiful. See 148 Cong. Rec. at 12512 (remarks of Sen. Lott); id., at 12513 (remarks of Sen. Biden); id., at 12517 (remarks of Sens. Hatch and Gramm).

Taking these two sections together and looking at the act's most recent history, it is clear that the legislative intent behind section 1512 is to prevent foul play throughout *trials*, not the certification of Electoral College votes. (Emphasis added). 1512(c)(2) was designed to ensure that trials are conducted fairly. Specifically, and as the Act's title reiterates, the goal is to have *witnesses* and key personnel present in trials. To do this, the act seeks to prevent individuals from making witnesses feel as though they cannot speak in court. (Emphasis added). The act attempts to block foul play during a trial. Not before a complaint is filed or proceedings begin.

As discussed further below, the election certification ballot count on January 6th included no trial. There was no judge, jury, or examination of witnesses. There was no litigation between private parties. Ultimately, there was no litigation at all.

### B. "ADMINISTRATION OF JUSTICE" IS A LIMITED PHRASE WHICH IS NOT ENCOMPASSED "OFFICIAL PROCEEDING" WITHIN 18 U.S.C. §1512(C)(2)

Judicial interpretation can guide the court today, in finding that 18 U.S.C. §1512(c)(2) is not relevant to these proceedings. In *Yates v. United States*, Justice Kagan, in her dissent makes clear that 1512(c) applies only to official proceedings. *Yates v. United States*, 574 U.S. 528, 557 (2015). Justice Kagan defines "official proceeding" to include any "proceeding before a judge or court of the United States." *Id.* Justice Kagan definitively states that §1512(c) prohibits tampering with evidence in federal litigation between private parties. *Id.*

Other courts have emphasized that to be liable under 18 U.S.C. §1512, the actions of the individual must occur during an official proceeding. See *United States v. Burge*, 711 F.3d 803, 808 (7th Cir. 2013); *United States v. Reich*, 479 F.3d 179, 185-187 (2d Cir. 2007).

Furthermore, the court in *Reich* took it a step further and applied a "nexus requirement" to 18 U.S.C. §1512. *Id* at 185 – 186 (citing *United States v. Aguilar,* 515 U.S. 593 (1995)). To satisfy the nexus requirement, the defendant's conduct must "have a relationship in time, causation, or logic with the judicial proceedings." *Id*. (citing *Aguilar,* 515 U.S. at 599). Specifically, the *Reich* court held that under 18 U.S.C §1512, it must be shown that the endeavor taken by the defendant "must have the natural and probable effect of interfering with the due administration of justice."

Some district courts have found that the incident of January 6 falls under the "administration of justice" language based on the congressional proceedings like the Electoral College certification, that was occurring and thus, applied 18 U.S.C. §1512 to those cases. See *United States v. Wright*, 2023 WL 2387816 (D.D.C. Mar. 4, 2023). Following this inconsistent logic, courts have found that the certification of Electoral College votes is an official proceeding which involves the administration of justice. *Id.*

However, this analysis is flawed, as correctly discussed in *Sandlin*, where the court stated that it "will not read an 'administration of justice' requirement into 'official proceeding.'" *United States v. Sandlin*, 575 F. Supp. 3d 16 (D.D.C. 2021). Supporting this logical judicial analysis, the court in *Seefried*, declined to enhance sentencing for a defendant charged with obstructing an official proceeding, despite the government's request to apply interfering with the administration

of justice to his sentencing. *United States v. Seefried*, 639 F. Supp. 3d 8 (D.D.C. 2022). The court in *Seefried*, concluded that the administration of justice does not include congressional proceedings like the Electoral College certification. *Id.* As the court has plainly stated in *Montgomery,* "Congress does not engage. . . in the administration of justice." *United States v. Montgomery*, 578 F. Supp. 3d 54 (D.D.C. 2021).

### C. THERE WAS NO OFFICIAL PROCEEDING OCCURRING WHEN THE ALLEGED OFFENSES OCCURRED

Even if the court finds that an official proceeding was occurring that day, Baez could not have been a part of the obstruction. The senate and the House were called into recess at 2:20 p.m. EST.[1] There have been no allegations made by the government that Baez entered the capitol building before the recess occurred.

Black's Law Dictionary defines "obstruction" as "to block up; to interpose obstacles; to render impassable; to fill with barriers or impediments; as to obstruct a road or way."

While the senate and the House were in the process of certifying Electoral College votes, Baez was not in the Capitol building at any point in time.

### III. THE OUTCOME OF A § 1512(c) CONVICTION WOULD SIGNIFICANTLY ALTER BAEZ'S SENTENCING

While Congress has delegated substantial responsibility to the Sentencing Commission, "the interpretation of the Guidelines ultimately 'remains in the hands of the court.'" *United States v. Seefried,* 639 F.Supp.3d 8, 16 (D.D.C. 2022) (quoting *Kisor v. Wilkie,* 139 S. Ct. 2400, 2420 (2019). Depending on whether Baez is found guilty of violating 18 U.S.C. § 1512(c)(2), her sentencing would drastically change. 18 U.S.C. §1512 is a felony offense. An individual who has violated § 1512(c)(2), "shall be fined under this title or imprisoned not more than 20 years, or both." 18 U.S.C. § 1512(c)(2).

In determining severity of a sentence, "the defendant's relative culpability for the criminal activity may be a potential mitigating factor." *United States v. Trump*, 2023 WL 6284898 (D.D.C. Sept. 27, 2023) (citing U.S. Sent'g Guidelines Manual § 3B1.2). In the January 6th cases, it is highly important to keep in mind, this was not the acts of one individual or a

---

[1] https://www.cnn.com/2022/07/10/politics/jan-6-us-capitol-riot-timeline/index.html.

group of people. There were hundreds of individuals who took part in the events on January 6, 2021. An offense level may decrease if the defendant only minimally participated in the criminal activity. U.S. Sent'g Guidelines Manual § 3B1.2 (U.S. Sent'g Comm'n 2021) (decreasing an offense level if the defendant was a "minimal" or "minor" participant in the criminal activity. Further, just because Baez is the only defendant named in the present complaint, does not mean she was the only participant for purposes of the court's analysis. *United States v. Coates,* 295 F. Supp.2d 11, 20 (D.D.C. 2003). Additionally, "the Court is to examine the defendant's culpability relative to others in the context of the relevant conduct that is being considered. *Id.* (citing *United States v. Graham*, 317 F.3d 262, 272 (D.C. Cir. 2003). Finally, "courts routinely assess whether the defendant's actions were affected or influenced by other people." *Trump,* 2023 WL 6284898 at 6 (citing U.S. Sent'g Comm'n, Results of Survey of United States District Judges January 2010 through March 2020 at tbl. 13 (2010), https://perma.cc/LR6N-FFZS (reporting that sixty-eight percent of surveyed judges considered undue influence related to affection, relationship, or fear of other offenders relevant to departures or variances from sentencing guidelines)).

To this point, we know that sentencing enhancement do not apply to January 6 defendants charged with this statute because the electoral certification on January 6, 2021, did not involve the "administration of justice." *United States v. Seefried,* 639 F.Supp.3d 8 (D.D.C. 2022). Baez was one of hundreds of individuals that took part in the events on January 6, 2021. Further, there is strong support that former President Trump influenced Baez and other protestors to act that day, as he himself has been charged in relation to the events that day. While there is much to be argued over a sentence if Baez is found guilty of § 1512, litigating this matter should wait if it would be unnecessary, with a decision by the Supreme Court in the *Fischer* appeal.

IV.   **CONCLUSION**

Good cause exists for a stay because in *Fischer*, the United States Supreme Court is currently reviewing legal issues that have been presented in Baez's case – where the intent behind §1512 was to apply to trials or to situations such as counting of Electoral College votes, whether the counting of Electoral College votes falls under the umbrella of an "official proceeding," and whether an official proceeding could be occurring if the senate and the House were on recess when the defendant's alleged actions occurred.

If a stay is not granted and this action proceeds while *Fischer* is pending, the parties will incur substantial unnecessary costs and Court rulings could be at odds with the law interpreted by the United States Supreme Court. Temporarily staying the case at this early stage while awaiting the Supreme Court's ruling in *Fischer* will benefit the parties, conserve the Court's resources, and promote the orderly course of justice. The Defendant respectfully requests that this action be stayed pending a decision by the Supreme Court in *Fischer*.

Date: January 15, 2024                                                                        Respectfully Submitted,

*/s/ Roger I. Roots*

Roger I. Roots

21550 Oxnard Street

3rd Floor, PMB #172

Woodland Hills, CA 91367

Tel: (662) 665-1061
Email: rroots@johnpiercelaw.com

**CERTIFICATE OF SERVICE**

     I hereby certify that this document is being filed on this December 15, 2024, with the Clerk of the Court by using the U.S. District Court for the District of Columbia's CM/ECF system. All attorneys of record will receive an electronic copy.

*/s/ Roger I. Roots*

Roger I. Roots