UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 21-0507 (PLF) |
| ) | |
| STEPHANIE MARYLOU BAEZ, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Defendant Stephanie Marylou Baez is charged in a five-count superseding indictment (the "Superseding Indictment") based on conduct related to the events at the U.S. Capitol on January 6, 2021. See Indictment [Dkt. No. 69].[1]  The Superseding Indictment adds one felony charge to the four misdemeanors with which Ms. Baez was previously charged by information. Compare id. with Information [Dkt. No. 10]. Pending before the Court is the Defendant's Motion to Dismiss Superceding Indictment ("Def.'s Mot.") [Dkt. No. 78]. The government opposes the motion, which is now ripe for resolution. See United States' Opposition to Defendant's Motion to Dismiss Superceding Indictment ("U.S. Opp.") [Dkt. No. 80]; Defendant's Reply to United States' Opposition to Defendant's Motion to Dismiss Superceding Indictment ("Def.'s Reply") [Dkt. No. 82].

Ms. Baez's motion challenges only the additional felony charge. Count One of the Superseding Indictment charges Ms. Baez with Obstruction of an Official Proceeding and

---

[1] For a comprehensive description of Ms. Baez's alleged conduct, see United States v. Baez, Crim. No. 21-0507, 2023 WL 3846169, at *1 (D.D.C. June 2, 2023) (denying Ms. Baez's motion to dismiss the Information).

Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2), 2. Ms. Baez makes two arguments as to why this new count should be dismissed for failure to state an offense. See FED. R. CRIM. P. 12(b)(3)(B)(v). In addition, she argues that it should be dismissed on the grounds of vindictive prosecution. See id. 12(b)(3)(A)(iv). The Court finds none of Ms. Baez's arguments persuasive.

First, Ms. Baez argues that the Superseding Indictment fails to state an offense because it does not allege that she used independently felonious means to obstruct the Electoral College vote certification. Def.'s Mot. at 8-10. Ms. Baez points to United States v. Robertson, the D.C. Circuit's most comprehensive statement on the "corruptly" element of Section 1512(c)(2), in which the court of appeals emphasized that the defendant in the case committed felonious conduct in the course of his obstruction. Def.'s Mot. at 9; see United States v. Robertson, 86 F.4th 355, 370-71 (D.C. Cir. 2023). But, as the government argues, Ms. Baez misreads Robertson. See U.S. Opp. at 8-10. The D.C. Circuit explicitly disclaimed any reading of its decision that would require a defendant to act through independently felonious means. "In holding that felonious means are sufficient to establish 'corrupt' behavior," the court of appeals wrote, "we do not suggest that they are always necessary to prove the 'corruptly' element." United States v. Robertson, 86 F.4th at 380. Moreover, the D.C. Circuit made clear that no showing of corrupt means – independently felonious or otherwise – is necessary to prove that a defendant acted "corruptly." Instead, "under circumstances where a defendant's conduct is not inherently corrupt nor his means independently wrongful, 'corruptly' can be proved by examining the defendant's purpose." Id. at 368; see United States v. Brock, No. 23-3045, 2024 WL 875795, at *6 (D.C. Cir. Mar. 1, 2024). Because the government may prove the "corruptly" element "in a variety of ways" at trial, United States v. Robertson, 86 F.4th at 368, the

Superseding Indictment states an offense under Section 1512(c)(2) even though it does not allege independently felonious means.

Second, Ms. Baez contends that "the new obstruction charge is unconstitutionally vague" because questions regarding the interpretation of Section 1512(c)(2) "have produced at least five materially differing opionions [sic]" in the D.C. Circuit. Def.'s Mot. at 10. The standard for whether a criminal statute is unconstitutionally vague, however, has nothing to do with the number of dissents or concurrences produced in cases interpreting it. Instead, "[a] law is impermissibly vague in violation of the Fifth Amendment's Due Process Clause if 'it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement.'" United States v. Montgomery, 578 F. Supp. 3d 54, 79-80 (D.D.C. 2021) (alteration in original) (quoting Johnson v. United States, 576 U.S. 591, 595 (2015)) (rejecting a vagueness challenge to Section 1512(c)(2)). "[T]he touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." United States v. Lanier, 520 U.S. 259, 267 (1997).

Applying this standard in similar cases, this Court has repeatedly ruled that Section 1512(c)(2) is not unconstitutionally vague. See United States v. Connell, Crim. No. 21-0084, 2023 WL 4314903, at *5-6 (D.D.C. July 3, 2023); United States v. GossJankowski, Crim. No. 21-0123, 2023 WL 130817, at *9-10 (D.D.C. Jan. 9, 2023); United States v. Puma, 596 F. Supp. 3d 90, 103-08 (D.D.C. 2022). The Court sees no reason to reconsider its previous decisions in light of the D.C. Circuit's latest opinions. In United States v. Fischer, although the three judges wrote separately to express their differing views on the meaning of "corruptly," none of them found the term to be unconstitutionally vague. See United States v. Fischer, 64 F.4th 329, 336-37, 341-42 (D.C. Cir. 2023). And in Robertson, the D.C. Circuit gave

3

"corruptly" a meaning substantially similar to the one this Court has given it in cases rejecting vagueness challenges. Compare United States v. Robertson, 86 F.4th at 365-67, with United States v. Puma, 596 F. Supp. 3d at 103, 105. Here, too, the Court rejects Ms. Baez's vagueness challenge.[2]

Third, Ms. Baez asserts a claim of vindictive prosecution, arguing that the government added a felony charge in order "to punish [her] for exercising her constitutional right to go to trial." Def.'s Mot. at 2. "[T]o succeed on a claim of vindictive prosecution, a defendant must establish that the increased charge was brought solely to penalize him and could not be justified as a proper exercise of prosecutorial discretion." United States v. Slatten, 865 F.3d 767, 799 (D.C. Cir. 2017) (cleaned up). A defendant can make this showing in one of two ways. First, she may take the "exceedingly difficult" route of attempting to show vindictive prosecution through "objective evidence" of "actual vindictiveness" – i.e., direct evidence that the prosecutor added the charge solely in order to punish her. United States v. Meyer, 810 F.2d 1242, 1245 (D.C. Cir. 1987). Second, she may present evidence "indicating a realistic likelihood of vindictiveness, which gives rise to a presumption that the government must then attempt to rebut." United States v. Slatten, 865 F.3d at 799 (cleaned up).

Ms. Baez presents no evidence of actual vindictiveness. Instead, she points to three facts from which she asks the Court to presume a vindictive motive: first, that the government added the Section 1512(c)(2) charge after Ms. Baez rejected its plea offer, Def.'s Mot. at 3; second, what she claims to be "a systemic pattern and practice" of prosecutors adding

---

[2] While Ms. Baez repeatedly refers to the rule of lenity, it is unclear how she believes lenity to relate to her vagueness argument. See Def.'s Mot. at 10-11; Def.'s Reply at 3. To the extent Ms. Baez is arguing that the rule of lenity compels the Court to interpret Section 1512(c)(2) not to apply to her alleged conduct, the Court has previously rejected this argument and does so here. See United States v. Connell, 2023 WL 4314903, at *7.

Section 1512(c)(2) counts after defendants charged with only misdemeanors reject plea deals, id. at 2-3; and third, the ratio between the maximum period of incarceration under the added felony count and the maximum period of incarceration for the misdemeanor plea the government offered her, which she calculates to be 40-to-1. Id. at 3-4.

None of these facts give rise to a presumption of vindictiveness. "[I]n the pre-trial context, a defendant must . . . show that 'all of the circumstances, when taken together, support a realistic likelihood of vindictiveness.'" United States v. Slatten, 865 F.3d at 799 (quoting United States v. Meyer, 810 F.2d at 1245-46). "[T]he mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent charges in the charging decision are unjustified." United States v. Goodwin, 457 U.S. 368, 382-83 (1982). Here, as the government points out, the Superseding Indictment came twenty months after Ms. Baez rejected the government's plea offer. See U.S. Opp. at 8; compare January 28, 2022 Minute Entry with Indictment [Dkt. No. 69]. This substantial gap in time makes it unlikely that the addition of the felony charge was brought to punish Ms. Baez.

The government offers a more plausible explanation for the new charge. Throughout the duration of this case, it claims to have conducted "ongoing review of over 163,000 pages of social media returns," which "resulted in the discovery of previously unreviewed materials." U.S. Opp. at 8. Looking at the full circumstances of the increased charge, it seems likely that the government's decision was "the result of [obtaining] additional information" at a time when "'the prosecutor's assessment of the proper extent of prosecution [had not] crystallized.'" See United States v. Slatten, 865 F.3d at 799 (quoting United States v. Meyer, 810 F.2d at 1245-46).

Ms. Baez's asserted prosecutorial "pattern and practice" does not change the analysis. Of course, the prosecutions of other similarly situated defendants may sometimes be relevant "additional facts" that trigger a presumption of vindictiveness after a prosecutor has added a charge following a defendant's refusal to plea. See United States v. Meyer, 810 F.2d at 1246 (affirming a presumption of vindictiveness where "[a]ll of the defendants participated in the same demonstration" but "the defendants who chose to go to trial faced two charges, whereas the other defendants confronted only one"). Here, however, there is almost no "pattern" to speak of. Ms. Baez claims to identify one based on the prosecutions of ten defendants other than herself. See Def.'s Mot. at 2-3. But over 1,200 individuals have been charged for their conduct at the U.S. Capitol on January 6, 2021, and over 300 have been specifically charged with violating Section 1512(c)(2). Three Years Since the Jan. 6 Attack on the Capitol, U.S. ATT'Y'S OFF., D.C. (Jan. 5, 2024), www.justice.gov/usao-dc/36-months-jan-6-attack-capitol-0. Given the sheer number of defendants being prosecuted for similar conduct, it is quite likely that, as it prepared for trials, the government uncovered new evidence against numerous defendants who declined plea deals and chose to go to trial. And it is probable that, for at least some of these defendants, the new evidence supported the addition of a Section 1512(c)(2) charge.

The Court also rejects Ms. Baez's argument that the ratio of pre-increased-charge maximum punishment to post-increased-charge maximum punishment can give rise to a presumption of vindictiveness. See Def.'s Mot. at 3-4. She provides no case law supporting this claim, and the Court has not found any. This is likely because Congress, not prosecutors, determines maximum periods of incarceration. The ratio offered by Ms. Baez thus may speak to the relative seriousness of the added charge – as determined by Congress – but does little to show a prosecutor's motives. It is entirely plausible, for example, that a prosecutor might have

wanted to bring a more serious charge all along, but only was able to do so after uncovering additional evidence. This is not vindictiveness. In sum, the circumstances surrounding the government's decision to charge Ms. Baez with a Section 1512(c)(2) violation, considered as a whole, fail to "support a realistic likelihood of vindictiveness." See United States v. Slatten, 865 F.3d at 799.

For the foregoing reasons, it is hereby ORDERED that Ms. Baez's Motion to Dismiss Superceding Indictment [Dkt. No. 78] is DENIED.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 3/18/24