UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 21-CR-507 (PLF) |
| : | |
| STEPHANIE BAEZ, : | |
| : | |
| Defendant. : | |

## MOTION TO VACATE SENTENCING HEARING AND CONVERT TO STATUS HEARING

The United States of America hereby moves this Court to vacate the misdemeanor sentencing hearing currently scheduled for August 28, 2024 and convert that date to a status conference. In support of its motion, the government represents:

1. On May 15, 2024, the Defendant, Ms. Stephanie Baez, entered pleas of guilty to Counts Two through Five of the indictment filed on September 27, 2023. The Defendant's pleas to the four pending misdemeanor counts were entered without any plea agreement having been reached between the Defendant and the government, and as a result, Count One of the indictment, alleging a violation of 18 U.S.C. 1512(C)(2) and 2, remained pending following the Defendant's plea hearing.

2. Following the entry of the Defendant's plea to the four misdemeanor counts on May 15, 2024, the Court vacated the previously established trial dates set to begin on June 10, 2024, and set a misdemeanor sentencing hearing in the case for August 28, 2024. The Court also instructed the parties to be prepared to discuss their respective views on the status of Count One, the pending charge under 18 U.S.C. 1512(C)(2) and 2, once the United States Supreme Court had issued its

1

opinion in the pending case of *Fischer v. United States*. Finally, the Court, with the Defendant's consent, also ordered that all time between the plea hearing on May 15, 2024 and August 31, 2024 be excluded for the purposes of the Speedy Trial Act.

3. On June 28, 2024, the Supreme Court issued its opinion in *Fischer v. United States*. *Fischer*, 219 L. Ed. 2d 911, 927 (2024). *Fischer* did not reject the application of § 1512(c)(2) to January 6 prosecutions. Rather, the Supreme Court explained that, to prove a violation of § 1512(c)(2), the government must establish that the defendant "impaired the availability or integrity for use in an official proceeding of records, documents, objects . . . or other things used in the proceeding," such as witness testimony or intangible information, or attempted to do so. *Id.* at 916, 927; *see also, id.* at 932 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding").

4. The government is still evaluating Fischer's impact on its January 6 prosecutions, including in the instant case. At this time, the government is not prepared to seek dismissal of Count One.

5. The government asserts that proceeding with a misdemeanor sentencing hearing on August 28, 2024, when the government may still proceed with prosecuting the Defendant for Count One of the indictment would not promote judicial economy and could result in an incomplete resolution of this matter for the Defendant.

6. The government recognizes that the Court and both parties desire a resolution to this case, and therefore believes that converting the sentencing hearing currently scheduled for August 28, 2024 to a status hearing will ensure that the government is able to provide a timely update the Court and Defendant on its ongoing evaluation of Count One and enable the parties and Court to fully resolve this matter via the setting of a future trial and/or sentencing date, as needed.

7. Given the Court has previously tolled time through August 31, 2024, the government believes no further tolling of time for the purposes of the Speedy Trial Act is required between the present date and the government's proposed August 28, 2024 status hearing.

8. The government has inquired of the defense position, and defense counsel has asserted, via an email sent on July 27, 2024, that the government should dismiss Count One and proceed to sentencing on the misdemeanors, as scheduled.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:   /s/ Samuel White_____
Samuel White
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 431-4453
Samuel.white@usdoj.gov

/s/ Monika (Isia) Jasiewicz_____
Monika (Isia) Jasiewicz
Assistant United States Attorney
D.C. Bar No. 102491

3

United States Attorney's Office
District of Columbia
601 D Street NW
Washington, DC 20530
(202) 714-6446
isia.jasiewicz@usdoj.gov