UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 21-CR-507 (PLF) |
| v. | : | |
| STEPHANIE BAEZ, | : | |
| Defendant. | : | |

## GOVERNMENT'S STATUS REPORT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this status report in anticipation of the status hearing scheduled for September 25, 2024. *See* ECF No. 105.

Trial is currently set for December 3, 2024, on defendant Stephanie Marylou Baez ("Defendant")'s single felony count for Obstruction of an Official Proceeding under 18 U.S.C. § 1512(c). The Defendant previously pled guilty without a plea agreement to four misdemeanor counts in this case. To the extent the Defendant moves to withdraw her previous plea to the misdemeanor counts, the government respectfully requests that the Defendant's misdemeanor guilty pleas should remain in place, and trial should proceed on December 3 on the § 1512(c) count alone.

## Relevant Procedural History

The Defendant was initially charged in this case with four misdemeanors: (1) Entering and Remaining in a Restricted Building and Grounds in violation of 18 U.S.C. § 1752(a)(1); (2) Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2); (3) Violent Entry and Disorderly Conduct in a Capitol Building in violation of 40

U.S.C. § 5104(e)(2)(D); and (4) Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G). ECF No. 14. On September 27, 2023, the grand jury returned a second superseding indictment on September 27, 2023, adding as Count One a fifth Charge: Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2). ECF No. 69.

Trial was originally scheduled to proceed on all five counts on February 26, 2024. ECF No. 76. The parties had made substantial progress preparing for trial, including exchanging witness and exhibit lists, when the Defendant notified the government of a medical emergency on February 8, 2024, that necessitated vacating that trial date. *See* ECF No. 85. Trial was eventually reset for June 10, 2024. ECF No. 90.

On May 11, 2024, defendant Stephanie Baez ("Defendant") confirmed in writing her intent to plead guilty to four misdemeanor counts alleged in the superseding indictment filed on September 27, 2023. ECF No. 94. At a virtual hearing in open court on May 15, 2024, the Defendant entered a plea to her pending misdemeanor counts. The Defendant acknowledged that she was doing so without any agreement with the government regarding allocution on her misdemeanor counts or the resolution of her pending count under 18 U.S.C. § 1512. The Defendant explicitly confirmed that she was not entering her plea due to any compulsion or promises by the Court. The Defendant further confirmed that she understood that any statements made by her as part of the Court's plea colloquy could be used against her in a future proceeding, including a prosecution for the outstanding count under 18 U.S.C. § 1512. Following an extended and comprehensive plea colloquy conducted by the Court, the Defendant's plea was accepted by the Court. *See* Minute Entry of May 15, 2024. Sentencing was set on the misdemeanor counts for August 28, 2024.

On June 28, 2024, the Supreme Court issued its opinion in *Fischer v. United States*, 603 U.S. --, 144 S. Ct. 2176 (2024). On July 30, 2024, the government notified the Court that it was still evaluating *Fischer*'s impact on the instant case, and the government moved to convert the August 28 sentencing to a status hearing. ECF No. 98. At that hearing, the government announced its intent to proceed to trial on Count One. The Court set a briefing schedule and scheduled a bench trial for December 3, 2024. *See* Minute Order (Aug. 28, 2024).

On September 18, 2024, the government filed a Third Superseding Indictment charging the Defendant with violation of 18 U.S.C. § 1512(c), based on the same conduct that underlay the original § 1512(c)(2) count. ECF No. 103; *see also* ECF No. 106.

On September 20, 2024, the Court issued an order for a status hearing in the instant case on September 25, 2024. ECF No. 105. In the Court's order, the Court stated the Defendant "may wish to consider, after consulting with her lawyers, whether she would like to withdraw her previous pleas and go forward with a trial on all the charges, the misdemeanors and the felonies." *Id.*

## **Legal Standard**

"After [a] defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea," a defendant should not be allowed "to withdraw her guilty plea simply on a lark." *United States v. Hyde*, 520 U.S. 670, 676 (1997); see also *United States v. Robinson*, 587 F.3d 1122, 1133 (D.C. Cir. 2009). Thus, a defendant does not have an absolute right to withdraw a guilty plea. See *United States v. Holland*, 117 F.3d 589, 593 (D.C. Cir. 1997). If withdrawal were automatic in every case where the defendant merely wishes "to alter her tactics and present her theory of the case to the jury, the

3

guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim." *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975). In fact, a guilty plea is no such trifle, but "a grave and solemn act" which is "accepted only with care and discernment." *United States v. Basu,* 531 F. Supp. 2d 48, 54 (D.D.C 2008), quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *see also Barker*, 514 F.2d at 221.

Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw their guilty plea before a sentence is imposed if they show a "fair and just reason" for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *Hyde*, 520 U.S. at 671; *United States v. Jones*, 472 F.3d 905, 907 (D.C. Cir. 2007). "Although presentence withdrawal motions should be 'liberally granted,' they are 'not granted as a matter of right.'" *United States v. Ahn,* 231 F.3d 26, 30 (D.C. Cir. 2000) (quoting *United States v. Ford*, 993 F.2d 249, 251 (D.C. Cir. 1993); *United States v. Loughery*, 908 F.2d 1014, 1017 (D.C. Cir. 1990). The decision to grant a withdrawal is within the court's discretion. *See United States v. Tolson*, 372 F.Supp.2d 1, 8 (D.D.C. 2005), *aff'd*, No. 05-3102, 2008 WL 441764, at *1 (D.C. Cir. Jan. 24, 2008).

Typically, courts look at several factors in deciding whether to grant a motion to withdraw a plea, including: (1) whether the guilty plea was somehow tainted, (2) whether the defendant has asserted a viable claim of innocence, and (3) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case. *See United States v. Robinson*, 587 F.3d 1122, 1127 (D.C. Cir. 2009); *United States v. West*, 392 F.3d 450, 455 (D.C. Cir. 2004). The taint factor is the "most important." *Robinson*, 587 F.3d at 1127 (D.C. Cir. 2009) (citing *United States v. Ford*, 993 F.2d 249, 251 (D.C. Cir. 1993)). The "highly questionable circumstances" that could lead to taint, as outlined in *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975), include situations like a defendant misunderstanding the

4

crimes charged, clearly ineffective assistance of counsel when the plea was entered, strong evidence of mental illness at the time a plea was entered, or a plea hastily entered at arraignment without the benefit of counsel. *Id.*

Whether the movant has asserted their legal innocence is an important factor to be weighed. *Barker*, 514 F.2d at 220. As an initial matter, "a defendant seeking to withdraw a guilty plea before sentencing must affirmatively advance an objectively reasonable argument that he is innocent" because they have "waived [their] right simply to try [their] luck before a jury." *United States v. Asaifi*, No. 04-CR-401-02 (RMC), 2007 WL 1322098, at *5 (D.D.C. May 3, 2007) (quoting *United States v. Cray*, 47 F.3d 1203, 1209 (D.C. Cir. 1995)). Put more succinctly, in order to withdraw a guilty plea "[a] general denial of guilt is not enough; [the defendant] must affirmatively advance an objectively reasonable argument that he is innocent." *West*, 392 F.3d at 456.

## Argument

The government believes that trial should proceed in this matter on Count One on December 3, 2024.

As noted in the government's opposition to Defendant's Motion to Dismiss Count One, the government sought and obtained the Third Superseding Indictment to revise the charging language for defendant Stephanie Marylou Baez ("Defendant")'s charge under 18 U.S.C. § 1512(c) based on the Supreme Court's guidance in *Fischer v. United States*, 603 U.S. --, 144 S. Ct. 2176, 2190 (2024). *See* ECF No. 106. Because this charge is based on the same conduct that supported the Second Superseding Indictment, and because Defendant's outstanding Motion to Dismiss Count One can be treated as a motion to dismiss Count One of the Third Superseding Indictment, *see id.* at 1 fn. 1, the return of the Third Superseding Indictment does not necessitate any change to the case schedule.

Furthermore, if the Defendant wishes to file a motion to withdraw her guilty plea to the four misdemeanor counts, the government would oppose, based on the record in this case. The Court engaged in an extended and comprehensive plea colloquy with the Defendant to confirm, *inter alia*, that the Defendant was entering the plea knowingly and voluntarily and fully understood the crimes with which she was pleading guilty. The Defendant further acknowledged a complete understanding that the final remaining count in violation of 18 U.S.C. § 1512(c) had been appealed to the Supreme Court, and that the Supreme Court would soon rule on the applicability to the events of January 6, 2021.

The Supreme Court has now done exactly that, and the Supreme Court's decision in *Fischer* is no bar to a trial on the merits. *See* ECF No. 106. Indeed, as Justice Jackson explained in her concurrence in *Fischer*, there may be January 6 cases that satisfy the standard. *Fischer v. United States*, 603 U.S. --, 144 S. Ct. 2176, 2194 (2024) (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding").

The government is proceeding to trial on the Defendant's remaining count in the Indictment as it previewed it planned to do at the time of the Defendant's guilty plea. For these and other reasons that may be explored more comprehensively during at a hearing, the government contends that the Court should not accept the Defendant's withdrawal of a guilty plea, and permit trial on Count One to proceed on December 3.

          Respectfully submitted,

          MATTHEW M. GRAVES
          UNITED STATES ATTORNEY
          D.C. Bar No. 481052

          By: */s/ Samuel White*

Samuel White
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 431-4453
Samuel.white@usdoj.gov

*/s/ Monika (Isia) Jasiewicz*
Monika (Isia) Jasiewicz
Assistant United States Attorney
D.C. Bar No. 102491
United States Attorney's Office
District of Columbia
601 D Street NW
Washington, DC 20530
(202) 714-6446
isia.jasiewicz@usdoj.gov