UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 21-CR-507 (PLF) |
| | : | |
| STEPHANIE BAEZ, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Stephanie Baez ("Defendant")'s omnibus Motions in Limine. ECF No. 113 ("Mot."). The Defendant identifies various categories of evidence that she contends are more prejudicial than probative under Federal Rule of Evidence 403. None of her arguments are convincing, particularly where the Defendant has elected a bench trial.

**BACKGROUND**

The government has summarized the Defendant's alleged unlawful conduct on January 6, 2021 in previous filings, and incorporates those summaries by reference. *See, e.g.,* ECF No. 1-1, 106.

On May 15, 2024, the Defendant entered a plea of guilty to four misdemeanor counts previously alleged against her (as Counts Two through Five) via an indictment filed on September 27, 2023. *See* ECF Nos. 69 and 115. On September 18, 2024, the government filed a Third Superseding Indictment charging the Defendant with violation of 18 U.S.C. §§ 1512(c) and 2. ECF No. 103. A bench trial has been set on that charge for December 3, 2024. Minute Entry (Oct. 7, 2024).

## **LEGAL STANDARD**

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. "The general rule is that relevant evidence is admissible," *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993), which is a "liberal" standard, *United States v. Moore*, No. 18-cr-198 (JEB), 2022 WL 715238, at *2 (D.D.C. Mar. 10, 2022). "In a criminal case, a fact is 'of consequence' if it makes it more or less likely that the defendant committed the charged conduct." *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020) (quoting Fed. R. Evid. 401); *see also United States v. Davis*, 636 F.3d 1281, 1298 (10th Cir. 2011) ("Relevant evidence tends to make a necessary element of an offense more or less probable."). However, courts do need to require "that each piece of evidence directly prove or disprove an element of the offense," so long as the evidence is "a step on one evidentiary route to the ultimate fact." *Id.* (quoting *Old Chief v. United States*, 519 U.S. 172, 179 (1997)) (internal quotation marks omitted).

The government recognizes that relevant evidence may be inadmissible if it is unduly prejudicial. Fed. R. Evid. 403. "The gravamen of unfair prejudice is an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Orenuga*, 430 F.3d 1158, 1165 (D.C. Cir. 2005) (citing *Old Chief*, 519 U.S. at 180) (internal quotations omitted). Concerns about confusion of the issues, wasting of time, or unfairly prejudicing the defendant, however, are less applicable in a bench trial. *See, e.g., United States v. Warnagiris*, 2023 U.S. Dist. LEXIS 189419, *14 (D.D.C. 2023); *Fitzsimons*, 605 F. Supp. 3d. at 102 n. 8. Specifically, in the context of a bench trial, "the portion of [Rule 403] concerning unfair prejudice has a highly limited application, if any at all . . . ." *United States v. Fitzsimons*, 605 F. Supp. 3d. 92, 102 n. 8 (D.D.C. 2022) (internal quotation and citation omitted). The court acting as

the factfinder may limit its own use of the evidence to reduce the risk of prejudice, confusing the issues, or the other concerns addressed in Fed. R. Evid. 403. *See Fitzsimons*, 605 F. Supp. 3d. at 102 n. 8/

## ARGUMENT

Each of the Defendant's individual motions should be denied as follows:

### I. "Normal 'Burden' of Hundreds of Visitors in Capitol"

The Defendant moves to exclude evidence of "the quantity of people" inside the Capitol on January 6, 2021 because it "is not established as being different from a normal day on Capitol Hill." Mot. at 4. The motion is devoid of any reasoning and distorts the reality of the situation. Among other things, on January 6, a mob overwhelmed law enforcement. This was not the normal burden of a lawfully admitted crowd to the Capitol; none of those who unlawfully entered the Capitol subjected to any prior security screening. In fact, the Capitol Building was closed to the public during a Joint Session of Congress.

The government does intend to introduce evidence that the Defendant was one of many individuals in the Capitol that day, and that the Defendant (as part of the mob) had a disruptive effect on the certification of the electoral college vote for the 2020 presidential election. There is nothing improper about such evidence.

### II. "Recess of the Joint Session of Congress"

The Defendant moves to exclude evidence of events prior to her arrival at the Capitol building on January 6—including the fact that the Joint Session of Congress was called into recess –because "[s]uch evidence would violate the laws of time and physics." Mot. at 4. The Defendant ignores the reality that, as this Court has put it in another January 6 case, her own conduct "did not occur in a vacuum.".*United States v. Gunby*, No. 21-cr-626 (PLF), 2023 WL 4993483, at *5

(D.D.C. Aug. 4, 2023). Events prior to her arrival—including evidence of the Defendant's statements on social media evincing her intent, as well as evidence of breaches of the Capitol grounds that enabled the Defendant and other rioters to enter the building—provide relevant context for the Court to consider.

In particular, the government intends to introduce evidence that the Joint Session ofCongress was called into recess prior to the Defendant's arrival at the Capitol. There can be no serious dispute that the *fact* that the Joint Session was disrupted is relevant to this case, where the Defendant is charged with obstruction of an official proceeding. And the Defendant has previously argued that the *timing* of the congressional recess prior to her entry into the building is relevant—and, in her view (though the government disagrees), exculpatory—because it suggests that other rioters, and not the Defendant, were responsible for the disruption of the proceedings. *See* ECF No. 100 at 7; ECF No. 109 at 18. This timing is also relevant because it informed the Defendant's state of mind at the time of her entry into the building, particularly here, where social media evidence suggests that the Defendant was aware rioters had approached the Senate chamber before she entered the building for the first time, and the Court can thus infer that she intended to assist those rioters' efforts to impair ballots or other documents. *See* ECF No. 106 at 11 & n.5. In short, there is nothing "more prejudicial than probative," Mot. at 4, about evidence of the congressional recess and its timing in this case.

### III.     "Resumption of the Joint Session of Congress"

The Defendant also moves to exclude evidence "of any delay of the resumption" of the Joint Session, contending that the government should not be permitted to argue that the continued presence of rioters in the building delayed the electoral certification absent "an expert opinion" proving "by how many second, minutes, or hours, Baez's existence on Capitol Hill delayed the

4

resumption." Mot. at 4-5.

The Defendant intended to impair the availability and integrity of the electoral ballots such that the electoral certification could not proceed. At trial, the government will present evidence showing that the Defendant's conduct, which targeted the necessary documents, caused and contributed to the disruption and delay of the Joint Session. Indeed, the government's evidence will include the "lay opinion" testimony of the Defendant herself, who bragged on socialmedia that she had "delayed the electoral count!". *See* ECF No. 106 at 11. The Defendant's assertion that an "expert opinion" is necessary to prove the impact attributable to the defendant is simply wrong and has no foundation in criminal law. The evidence "of any delay of the resumption" of the proceedings is undeniably admissible and relevant given the elements of the offense, and the factfinder may assess the weight to give any evidence of the Defendant's contribution to the delay.

IV.     **"Certification of the 2020 Election"**

The Defendant argues that the government should not be allowed to use the term "certification"[1] to refer to the counting of Electoral College vote because it implies "that there is some kind of adjudicatory proceeding," which the Defendant disputes. Mot. at 5. Whether the Joint Session can be characterized as "adjudicatory," however, is beside the point. The pertinent question in this case is whether the Defendant impaired, or attempted to impair, the availability or integrity of documents or objects used in an "official proceeding," as that term is used in 18 U.S.C. § 1512(c), and the Supreme Court has confirmed that the Joint Session on January 6 qualifies. *See Fischer v. United States*, 144 S. Ct. 2176, 2195 (Barrett, J., dissenting) ("The Court

---

[1] Notably, the Defendant repeatedly used this term in her own social media posts, in precisely the manner that she seeks to preclude the government from doing now. *See* ECF No. 106 at 11.

does not dispute that Congress's joint session qualifies as an 'official proceeding[.]'").

V.     **"Exclude False and Inflammatory Statements About Deaths that Did Not Occur"**

The Defendant appears to move to exclude evidence concerning the deaths of particular law enforcement officers who died after the events of January 6, 2021. Mot. at 5-10. The government has signaled no intention to introduce such evidence in this case, nor does the government intend to offer any such evidence. The Defendant's motion can be denied as moot.

VI.    **"Conjecture or Speculation"**

The Defendant moves to preclude the government "from making argument about, making reference to, presenting on or introducing evidence of any element of a crime based upon the Government's conjecture rather than solid, admissible evidence that this Defendant in fact is guilty of each element of a crime beyond a reasonable doubt." Mot. at 10. The defendant inexplicably asserts that the government has accused the Defendant of "disorderly and disruptive conduct in a Restricted Building" without any "facts of any such crime." *Id.* However, the defendant has ***already been convicted of those counts beyond a reasonable doubt by virtue of her guilty plea***. The Defendant's accusations are without merit, and the asserted relief sought simply does not exist.

The Defendant is free to use the Federal Rules of Evidence and trial objections to address evidence that is not admissible. The determination of whether the government's case is based on "solid, admissible evidence that this Defendant is guilty of each element of a crime beyond a reasonable doubt" is the very purpose of the upcoming bench trial.

VII.   **"Guilt By Association," "Guilty Crowds or Collective Guilt," and "'Guilty Watching' Is Not a Crime"**

The Defendant seeks limit the government from arguing (1) "guilt by association," Mot. at 10; (2) "collectivist liability," *id.* at 11, or (3) "guilty watching," i.e., that the Defendant could

be guilty of merely witnessing the crimes of others, *id.* at 13. These three motions, taken together, are nothing more than a repackaging of the Defendant's prior "Motion in Limine to Preclude the Government's Unconstitutional 'Raindrop Theory' of Collective Guilt," ECF No. 53, which this Court has already denied. Minute Order (Aug. 4, 2023); *see also Gunby*, 2023 WL 4993483 (denying identical motion). The Court should deny this motions for the reasons already stated.

## VIII. "Any Video in which the Defendant Does Not Appear"

The Defendant argues that "[n]o video recording or photograph which does not include one or more of the Defendant [sic] should be admitted or referred to." Mot. at 13. However, as this Court has previously recognized, any individual January 6 defendant's "conduct did not occur in a vacuum, and thus the actions of others may be relevant, and indeed necessary, to the government's case against" the Defendant here. *Gunby*, 2023 WL 4993483, at *5. Furthermore, the Defendant's concern that the government will "inflame the emotions of juries" by providing context to the Defendant's own actions, Mot. at 13, is mitigated by the fact that in this case, she has elected to proceed with a bench trial. The government does not intend to dwell on video in which the Defendant does not appear, and any video exhibit offered by the government will be both relevant and supported by proper foundation. For example, the government intends to present evidence of the certification proceedings and their adjournment. Such evidence is undeniably relevant, even though the Defendant "does not appear" in such videos. The Court should not impose a prohibition against any such video in the abstract.

## IX. "Expressions of Free Speech"

Finally, the Defendant seeks to exclude references to her own statements on First Amendment grounds. First, to the extent she argues that her statements were not "'loud' or disruptive,'" Mot. at 14, that argument is inapposite, considering she has already pled guilty to

7

the only counts dealing with disorderly or disruptive conduct. Second, as the government has previously explained, her statements, even if constitutionally protected, are admissible as evidence of intent. *See* ECF No. 110 at 6. Accordingly, this motion should be denied.

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the Defendant's omnibus Motions in Limine be denied in full.

                              Respectfully submitted,

                              MATTHEW M. GRAVES
                              United States Attorney
                              D.C. Bar No. 481052

By:    */s/ Monika (Isia) Jasiewicz*
        Monika (Isia) Jasiewicz
        Assistant United States Attorney
        D.C. Bar No. 102491
        United States Attorney's Office
        District of Columbia
        601 D Street NW
        Washington, DC 20530
        (202) 714-6446
        isia.jasiewicz@usdoj.gov

        */s/ Samuel White*
        Samuel White
        Assistant United States Attorney
        NC Bar # 44908
        601 D Street NW
        Washington, DC 20530
        (202) 431-4453
        samuel.white@usdoj.gov