UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>STEPHANIE MARYLOU BAEZ, )<br>)<br>Defendant. )<br>) | Criminal No. 21-0507 (PLF) |

MEMORANDUM OPINION AND ORDER

On May 15, 2024, defendant Stephanie Marylou Baez pled guilty to the four misdemeanor charges contained in the Second Superseding Indictment – Counts Two, Three, Four, and Five, charging Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). See Minute Entry for May 15, 2024; see also Second Superseding Indictment [Dkt. No. 69].

The Court previously denied Ms. Baez's motion to dismiss Count One of the Second Superseding Indictment, which charged violations of 18 U.S.C. §§ 1512(c)(2) and 2. See United States v. Baez, Crim. No. 21-0507 (PLF), 2024 WL 1156567 (D.D.C. Mar. 18, 2024). Several months later, the Supreme Court issued its opinion in Fischer v. United States, 603 U.S. 480 (2024). Ms. Baez then filed the instant motion to dismiss. See Defendant Stephanie Baez's Motion to Dismiss Count I of the Superseding Indictment Alleging Violations of 18 U.S.C. § 1512(c)(2) [Dkt. No. 100]. While the parties were briefing the motion, the grand jury returned

a Third Superseding Indictment. See Third Superseding Indictment [Dkt. No. 103]. The Third Superseding Indictment includes a single felony charge for alleged violations 18 U.S.C. §§ 1512(c) and 2.[1] The Court treats Ms. Baez's motion as a motion to dismiss the Third Superseding Indictment. For the reasons that follow, the motion to dismiss is denied.[2]

## I. LEGAL STANDARD

A defendant in a criminal case may move to dismiss an indictment or information before trial for "failure to state an offense." FED. R. CRIM. P. 12(b)(3)(B)(v). In determining whether a charging document fails to state an offense, the operative question is "whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." United States v. Bowdoin, 770 F. Supp. 2d 142, 146 (D.D.C. 2011) (citing United States v. Sampson, 371 U.S. 75, 76 (1962)). A court must accept the allegations in the indictment as true. See United States v. Ballestas, 795 F.3d 138, 149 (D.C. Cir. 2015). "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the

---

[1] The Court inquired whether Ms. Baez wished to withdraw her guilty plea on the misdemeanor counts in light of the government's decision to move forward with the Section 1512(c) obstruction charge. See Minute Entry for Sept. 25, 2024. At a status conference held on October 7, 2024, Ms. Baez stated that she would not seek to withdraw her guilty plea to the misdemeanor counts. See Minute Entry for Oct. 7, 2024.

[2] The papers reviewed by the Court in connection with this matter include: Third Superseding Indictment [Dkt. No. 103]; Defendant Stephanie Baez's Motion to Dismiss Count I of the Superseding Indictment Alleging Violations of 18 U.S.C. § 1512(c)(2) ("Mem.") [Dkt. No. 100]; Government's Opposition to Defendant's Motion to Dismiss Count I of the Superseding Indictment Alleging Violations of 18 U.S.C. § 1512(C)(2) ("Opp.") [Dkt. No. 106]; Defendant Stephanie Marylou Baez's Reply Memorandum of Law in Support of Her Motion to Dismiss Count I of the Superseding Indictment Alleging a Violation of 18 U.S.C. §§ 1512(c)(2) ("Reply") [Dkt. No. 109]; and Government's Surreply in Opposition to Defendant's Motion to Dismiss Count I of the Superseding Indictment Alleging Violation of 18 U.S.C. § 1512(C)(2) ("Surreply") [Dkt. No. 110].

crimes." United States v. Sunia, 643 F. Supp. 2d 51, 60 (D.D.C. 2009). The Court's analysis of Ms. Baez's motion to dismiss thus "must be limited to 'the four corners of the indictment.'" United States v. Montgomery, 578 F. Supp. 3d 54, 59 n.1 (D.D.C. 2021) (quoting United States v. Safavian, 429 F. Supp. 2d 156, 161 n.2 (D.D.C. 2006)); accord United States v. Warnagiris, 699 F. Supp. 3d 31, 39 (D.D.C. 2023).

Because "[a]n 'indictment's main purpose is to inform the defendant of the nature of the accusation against him,'" an indictment that fails to do so because it is not specific enough is insufficient. United States v. Ballestas, 795 F.3d at 148-49 (quoting United States v. Hitt, 249 F.3d 1010, 1016 (D.C. Cir. 2001)). A charging document "is sufficiently specific where it [] contains the elements of the offense charged and fairly informs the defendant of those charges so that he may defend against them, and [] enables him 'to plead [an] acquittal or conviction in bar of future prosecutions for the same offense.'" United States v. Safavian, 429 F. Supp. 2d at 158 (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)). Ordinarily, an indictment need only contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1); see United States v. Apodaca, 275 F. Supp. 3d 123, 153 (D.D.C. 2017) ("In most cases, detailed allegations 'surely are not contemplated by Rule 7(c)(1).'") (quoting United States v. Resendiz-Ponce, 549 U.S. 102, 110 (2007)).

## II. DISCUSSION

Ms. Baez's motion to dismiss is based largely on the government's purported "lack of evidence." See, e.g., Mem. at 9 (asserting that the government has "never offered any evidence" that the January 6 defendants "delayed the resumption of the Joint Session of Congress"); id. at 17 (asserting that "there is no evidence" Ms. Baez was aware of "any records" used in connection with Congress's Joint Session); Reply at 11 (arguing that the government's

"proposed evidence only supports" a conviction under the pre-Fischer reading of the statute). The evidence the government plans to introduce at trial, however, "is irrelevant to the Court's analysis of the sufficiency of the indictment." United States v. Warnagiris, 699 F. Supp. 3d at 40; see United States v. Mosquera-Murillo, 153 F. Supp. 3d 130, 154 (D.D.C. 2015). Indeed, such issues "cannot be 'determined without a trial on the merits.'" United States v. Kelley, Crim. No. 22-0408 (CKK), 2024 WL 4512395, at *4 (D.D.C. Oct. 17, 2024) (quoting FED. R. CRIM. P. 12(b)(3)). Based on the established law governing motions to dismiss just discussed, the Court must disregard arguments related to the sufficiency of the government's evidence and instead focus only on the legal sufficiency of the indictment.

### A. The Indictment is Legally Sufficient

The Third Superseding Indictment charges Ms. Baez with Obstruction of an Official Proceeding pursuant to 18 U.S.C. § 1512(c). Section 1512(c) provides:

> (c) Whoever corruptly –
>
>> (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
>>
>> (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,
>
> shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c). Count One of the Third Superseding Indictment charges:

> On or about January 6, 2021, within the District of Columbia and elsewhere, STEPHANIE MARYLOU BAEZ attempted to, and did, corruptly alter, destroy, mutilate, and conceal a record, document, and other object, with the intent to impair the object's integrity or availability for use in an official proceeding, and otherwise obstruct, influence, and impede an official proceeding, that is, a proceeding

4

before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.

Third Superseding Indictment.

The Court easily concludes that the Third Superseding Indictment is legally sufficient. First, the indictment "'set[s] forth all the elements necessary to constitute the offence intended to be punished'" by "echo[ing] the operative statutory text." United States v. Williamson, 903 F.3d 124, 130 (D.C. Cir. 2018) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)); see United States v. DeCarlo, Crim. No. 21-0073 (BAH), 2024 WL 4650993, at *18 (D.D.C. Nov. 1, 2024) ("Nothing about Fischer changed the language of Section 1512(c)(2); it merely clarified and limited the conduct covered by the statute."). The indictment also tracks the Supreme Court's recent articulation in Fischer of the burden of proving a Section 1512(c)(2) violation by alleging "that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so." Fischer v. United States, 603 U.S. at 498.

Second, the Third Superseding Indictment provides sufficient factual matter such that Ms. Baez is "fairly inform[ed]" of the charges and thus "may defend against them." United States v. Safavian, 429 F. Supp. 2d at 158. The indictment specifies "the time and place of the offense," United States v. Williamson, 903 F.3d at 130 – "January 6, 2021, within the District of Columbia and elsewhere" – and provides information on the conduct at issue – intent to interfere with "Congress's certification of the Electoral College vote." Third Superseding Indictment; accord United States v. Kelley, 2024 WL 4512395, at *4.

Because the Third Superseding Indictment contains both the "elements of the offense charged" and "the essential facts constituting the offense," United States v. Safavian, 429

5

F. Supp. 2d at 158 (citations omitted), it "fairly informs [Ms. Baez] of the charge against which [she] must defend" and enables her to "plead [an] acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. at 117; accord United States v. Warnagiris, 699 F. Supp. 3d at 41. Indeed, as the government points out, see Surreply at 1, Judge Kollar-Kotelly recently reached the same conclusion when faced with an identically worded indictment. See United States v. Kelley, 2024 WL 4512395, at *2-4.

### B. Ms. Baez's Remaining Arguments are Foreclosed by Established Law

Ms. Baez makes several arguments in opposition to this conclusion that are unpersuasive and foreclosed by established law. First, she takes issues with the government's use of conjunctive language in the Third Superseding Indictment. See Reply at 6-7. She argues that the government is required to prove every iteration of the offense because the Third Superseding Indictment uses "and" instead of "or" in listing various prohibited conduct. See id. As this Court stated in Warnagiris, "[i]t is 'well established that that if a criminal statute disjunctively lists multiple acts which constitute violations, the prosecution may in a single count of an indictment . . . charge several or all of such acts in the conjunctive.'" United States v. Warnagiris, 699 F. Supp. 3d at 55 (quoting United States v. Brown, 504 F.3d 99, 104 (D.C. Cir. 2007)). In other words, "the government is entitled to prove criminal acts in the disjunctive, notwithstanding that the indictment charges them in the conjunctive." United States v. Coughlin, 610 F.3d 89, 106-107 (D.C. Cir 2010) (collecting cases); accord United States v. Harmon, 474 F. Supp. 3d 76, 100 (D.D.C. 2020). The practice of using conjunctive language is considered the "correct method of pleading alternative means of committing" a crime. United States v. Lemire, 720 F.2d 1327, 1345 (D.C. Cir. 1983). The government's use of conjunctive language was proper; and it does not foreclose the possibility that Ms. Baez may be convicted of "attempt[ing]

6

to . . . corruptly alter, destroy, mutilate, [or] conceal a record document, [or] other object . . . ." Third Superseding Indictment.

Second, Ms. Baez argues that "there is no certification of the election." See Reply at 8-9. While the exact relevance of this argument is unclear, Ms. Baez appears to suggest that the "false terminology" of election certification means that (1) there was no "official proceeding" that she could have obstructed and (2) there were no "records, documents, [or] objects" within the meaning Section 1512(c) used at Congress's Joint Session, thereby foreclosing the possibility of a conviction. These arguments are not persuasive. The Fischer majority did "not dispute that Congress's joint session qualifies as an 'official proceeding' . . . ." Fischer v. United States, 603 U.S. at 506 (Barrett, J. dissenting). And the D.C. Circuit, as well as many judges of this Court including the undersigned, have found that Congress's Joint Session constituted an "official proceeding." See United States v. Robertson, 103 F.4th 1, 21 (D.C. Cir. 2023) ("We also determined that the certification of the Electoral College vote by Congress is an 'official proceeding' under the statute."); United States v. Gossjankowski, Crim. No. 21-0123 (PLF), 2023 WL 130817, at *9 (D.D.C. Jan. 9, 2023). As for Ms. Baez's argument that there were no "records, documents, [or] objects" present at Congress's Joint Session, Justice Jackson's concurrence directly contradicted this broad proposition. See Fischer v. United States, 603 U.S. at 505 (Jackson, J. concurring) ("That official proceeding plainly used certain records, documents, or objects – including, among others, those relating to the electoral votes themselves."). While recent post-Fischer decisions suggest that certain records cannot serve as a basis for a Section 1512(c) conviction, see, e.g., United States v. DeCarlo, 2024 WL 4650993, at *13 (finding that defendants did not "impair" the electoral ballots); see also Reply at 10-11 (noting that the electoral certificates were unimpaired), Fischer did not foreclose the possibility

7

that the government may be able to prove at trial that there were "records, documents, [or] objects" used at the Joint Session for purposes of Section 1512(c). Whether the government is able to do so in this case is an issue for trial, not for a motion to dismiss.

Third, Ms. Baez argues that to permit the government to use at trial various statements she made on social media would violate her First Amendment rights. See Reply at 11-12. This argument must be rejected because the only issue now before the Court is the sufficiency of the indictment, not the relevance of the government's evidence. Indeed, Ms. Baez has seemingly raised this argument separately in one of her motions in limine, which is a more appropriate vehicle for challenging the government's evidence. See Defendant Stephanie Marylou Baez's Motions in Limine with Included Memorandum of Law [Dkt. No. 113] at 14.

Fourth, Ms. Baez argues that "it is impossible by the laws of physics for [her] to [have] obstruct[ed] the Joint Session of Congress" because she entered the building after Congress was called into recess. Reply at 18. As the government points out, this argument ignores the fact that Ms. Baez's presence in the Capitol may have served to delay the resumption of the Joint Session. See Opp. at 14. Ms. Baez does not meaningfully argue that a showing that she delayed the resumption of the Joint Session is categorically insufficient for purposes of Section 1512(c). Rather, she makes a series of arguments aimed at the government's purported lack of evidence showing that she in fact caused any delay. See Mem. at 10 (arguing that "the Government has never even attempted to address by expert testimony" the issue of "how many minutes or even seconds" Ms. Baez's presence delayed the proceedings). As the Court has stated, however, these evidentiary questions are appropriately addressed at trial.

Finally, Ms. Baez briefly argues in her initial memorandum that the indictment must be dismissed because Section 1512(c)(2) is void for vagueness. See Mem. at 4. In

8

particular, Ms. Baez points to the statute's use of the word "corruptly." See id. The Court rejected this argument in Ms. Baez's earlier motion to dismiss, see United States v. Baez, 2024 WL 1156567, at *2, and there is no reason provided in the instant motion to revisit that determination. See also United States v. Connell, Crim. No. 21-0084 (PLF), 2023 WL 4314903, at *5-6 (D.D.C. July 3, 2023); United States v. Gossjankowski, 2023 WL 130817, at *7-10.

In sum, the Court concludes that the Third Superseding Indictment is legally sufficient, and Ms. Baez's motion to dismiss therefore must be denied.

### III. BRADY CLAIM

Ms. Baez argues that the Third Superseding Indictment should be dismissed because of the government's purported violations of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. See Mem. at 7-9; Reply at 18-21. The arguments on this point are unspecific. It appears that Ms. Baez's argument is premised on the government's alleged failure to produce evidence of "THE reason that Congress in fact recessed on January 6, 2021, before [Ms. Baez] arrived." Reply at 20 (capitalization in original). For the government's part, it states that such speculation about "some unspecified evidence of an unknown cause for Congress's recess" is "baseless," and that it "has produced the purported 'exculpatory' evidence concerning the reason for suspension of the proceedings." Surreply at 7-8. As to the possible "exculpatory" nature of any such evidence, the government points to several decisions by other judges of this Court who have concluded that such evidence is irrelevant. See United States v. Nichols, Crim. No. 21-0117 (RCL), 2023 WL 6809937, at *9 (D.D.C. Oct. 16, 2023) (rejecting argument that evidence related to other reasons for the recess of Congress's Joint Session was Brady material because "it cannot be a pure coincidence that members of Congress evacuated the House and Senate chambers while rioters were storming the halls of Congress"); United States v. Rhodes,

9

Crim. No. 22-0015 (APM), Omnibus Order (D.D.C. Sept. 7, 2022) [Dkt. No. 294] at 9 (concluding that the possibility "[t]hat others were the original cause for Congress's decision to recess or also kept Congress from reconvening is beside the point").

On the record now before the Court, the arguments made by the government are persuasive. Ms. Baez is free to raise any Brady claims later in these proceedings should she have more specific grounds to support such claims.

## IV. CONCLUSION

In light of the foregoing, Defendant Stephanie Baez's Motion to Dismiss Count I of the Superseding Indictment [Dkt. No. 100] is DENIED.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 11/18/24