UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
|  | ) |
| v. | ) Criminal No. 21-0507 (PLF) |
|  | ) |
| STEPHANIE MARYLOU BAEZ, | ) |
|  | ) |
| Defendant. | ) |

DEFENDANT MOTION TO CONTIUE TRIAL

COMES NOW, Stephanie Marylou Baez ("Baez"), by and through counsel, with this Motion to continue all matters in this trial due to the results of the United States Presidential Elections on November 5th. The Defendant stands accused of 1512(c)(2). Trial is currently scheduled for December 3, 2024. The Defendant has been awaiting trial on pretrial release conditions, all of which have been scrupulously complied with. The Defendant seeks a short continuance of trial based upon the recent election of President-elect Trump who has repeatedly vowed to pardon January 6 defendants like him. Prior to

filing the instant motion, undersigned counsel contacted counsel for the government, who states that the government is opposed to this motion.

## **LEGAL ARGUMENT**

On November 5, 2024, Donald Trump won the 2024 presidential election in a landslide. By all accounts, the election was free of fraud or "rigging." Consequently, on January 20, 2025, power will be peacefully transferred to him and Donald Trump will then be sworn in as the 47th President of the United States.

Under Article II, Section 2, Clause 1 of the U.S. Constitution, the president of the United States is authorized by the U.S. Constitution to grant a pardon for federal crimes as charged here. Other forms of the clemency power of the president include the commutation of sentence, remission of fine or restitution, and reprieve.

Pursuant to *Ex Parte Garland*, 71 U.S. 333 (1866), the President's authority to pardon is *unlimited* (except in cases of impeachment), extending to every federal offense known to the law. This presidential power can be exercised either before legal proceedings are taken*, or during their pendency,* or after conviction and judgment.

President-elect Trump has repeatedly vowed to pardon January 6 defendants. He has referred to them as "**unbelievable patriots.**" As early as September 2022, in an interview with conservative Pittsburgh broadcaster Wendy Bell, former

President Trump said — if he becomes president again — he would issue full pardons and an apology to rioters involved in the January 6, 2021, protests at the U.S. Capitol.  **"We'll be looking very, very seriously at full pardons because we can't let that happen,"** Trump told Bell. **"And I mean full pardons. To many, an apology. They've been so badly treated."** During an interview with Time Magazine in April of this year, Trump said he would **"absolutely"** consider pardoning every January 6 defendant, although, when pressed, he said **"If somebody was evil and bad, I would look at that differently."** Later, in July while at the National Association of Black Journalists' conference in Chicago, Trump was asked if he would pardon rioters who assaulted police officers during January 6. His response: **"Oh, absolutely I would," "If they are innocent, I would pardon them…they were convicted by a very, very, tough system."** As recently as this September, Trump said during a rally in Wisconsin that he planned to **"rapidly review the cases of every political prisoner unjustly victimized by the Harris regime."** Undersigned Counsel was present at the Libertarian National Convention in May of this year, when then-Candidate Trump vowed to "Pardon the Peaceful J6'ers."

History has shown that President Donald Trump is not shy when it comes to exercising his pardon powers and there is clearly no reason to believe he won't do as he says. During his first term of President, Trump pardoned, commuted, or rescinded the convictions of 237 people.  Many were controversial.  Several were in

his first year in office: Joe Arpaio, pardoned August 25, 2017; Sholom Rubashkin, 27-year prison sentence commuted on December 20, 2017.

Baez is charged with one felony count. Notably, Baez is **not** charged with the use of any type of weapon on January 6. Baez appears to be a worthy candidate for receipt of a presidential pardon and almost assuredly will receive one once the peaceful transfer of power is complete on January 20, 2025. Like it or not, President-elect Trump will become the President of the United States in in just over two months. He will then be vested with a constitutional power, which he has exercised in the past and has repeatedly vowed to exercise in the future, enabling him to nullify these entire proceedings with the mere stroke of a pen. To have Baez stand trial pending that exercise of presidential power, under these unique circumstances, is simply unnecessary and a complete waste of judicial time and resources, particularly where, as here, the Defendant used no weapon nor caused any injury to anybody on that day.

Furthermore, the United States Department of Justice Special Counsel Jack Smith wrote in the matter of *United States v. Trump,* 23-cr-00257 (TSC)

> "As a result of the election held on November 5, 2024, the defendant is expected to be certified as President-elect on January 6, 2025, and inaugurated on January 20, 2025. The Government respectfully requests that the Court vacate the remaining deadlines in

the pretrial schedule to afford the Government time to assess this unprecedented circumstance and determine the appropriate course going forward consistent with Department of Justice policy. By December 2, 2024, the Government will file a status report or otherwise inform the Court of the result of its deliberations. The Government has consulted with defense counsel, who do not object to this request."

Given the position now taken by the Department of Justice through Special Counsel Jack Smith, in the *interests of justice*, should adopt the same position as it has in *United States v. Trump*, i.e., that the unique circumstances created by the outcome of the election justifies pausing all proceedings in this matter, with the parties responding back to the Court with regard to how this case should further proceed – if at all -- beginning 70 days from now, January 20, 2025.

A continuance would conserve the resources of the Court, the Government, and the Defendant.

For Defendant Baez, the resources that might be expended include personal financial costs incurred in traveling from her home to Washington D.C., the costs of housing in connection with the trial, and the similar kinds of costs incurred by defense counsel – most of which would be avoided by the delay requested by this motion.

For the Foregoing reasons, Defendant and undersigned Counsel respectfully request that Motion to continue all matters in this trial be granted.

November 18, 2024                           RESPECTFULLY SUBMITED,

/s/ Roger Roots

Roger Roots, Esq.

Counsel for Defendant

Roger Roots

10 Dorrance Street

Suite 700 #649

Providence, RI 02903

775-764-9347

rroots@johnpiercelaw.com

CERTIFICATE OF SERVICE

      I hereby certify that on this date my law firm is filing the foregoing with the Court by its ECF record-keeping and filing system, which automatically provides a copy to all attorneys of record.

/s/ Roger Roots

Roger Roots